**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4157

JASON J. SMITH, a/k/a Phillip Daniel
Smith,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-97-17)

Submitted: October 9, 1998

Decided: November 23, 1998

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul G. Taylor, HENRY, TAYLOR & JANELLE, Martinsburg, West
Virginia, for Appellant. William D. Wilmoth, United States Attorney,
Thomas O. Mucklow, Assistant United States Attorney, Martinsburg,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Jason J. Smith of conspiracy to possess with intent to distribute crack cocaine. On appeal, Smith alleges that the district court should have granted his motion for downward departure based on the disparate sentences imposed on him and his co-conspirators; that there was insufficient evidence to prove that the drugs involved were crack cocaine, as opposed to some other form of cocaine; that the district court erred in determining his role in the offense; that the district court should not have admitted evidence and testimony concerning the expenditures made by one of his co-conspirators; that his criminal history score overrepresented the seri-ousness of his misconduct; and that the district court erred by striking a juror for cause over defense counsel's objection. Finding no revers-ible error, we affirm.

Smith was part of a large drug conspiracy that distributed crack cocaine in the Northern District of West Virginia, and he eventually became the primary dealer in his area. Smith set the local price for crack cocaine and controlled several street-level dealers. Law enforcement officers broke up the conspiracy after a series of con-trolled purchases, and several of Smith's co-conspirators testified against him at trial.

Because Smith did not raise the issue of disparate sentences at trial, we review his claim for plain error and find none. See United States v. Davis, 954 F.2d 182, 187 (4th Cir. 1992) (failure to raise sentenc-ing issues at trial reviewed for plain error). It is well settled that "[u]nder the law of this circuit, disparate sentences among codefen-dants is an impermissible ground for departure." United States v. Perkins, 108 F.3d 512, 515 (4th Cir. 1997). We find Smith's reliance on United States v. Meza, 127 F.3d 545 (7th Cir. 1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1103 (1998), misplaced because nothing in

2

Meza contradicts current circuit law as it applies to this case. Several of Smith's co-conspirators pled guilty pursuant to plea agreements and testified against him. Any disparity between the sentences of these co-conspirators and Smith would be justified under Meza. Smith fails to allege that such a disparity would have been caused by anything other than a correct application of the Sentencing Guidelines. Therefore, there was no basis upon which to grant a departure even if this circuit recognized the district court's ability to do so.

We review Smith's assertion that the evidence was insufficient to show that the drugs involved were crack cocaine for clear error and find none. See United States v. McManus, 23 F.3d 878, 882 (4th Cir. 1994). During Smith's trial, the court spoke in terms of crack cocaine, and all of the witnesses testified that he was a crack dealer. Both the presentence report and the court's findings of fact at sentencing identified the substance in question as crack cocaine. Smith never objected to the characterization of the drugs as crack, and it was never suggested that he dealt in any other form of cocaine.

The district court's factual determination concerning Smith's role in the offense will only be reversed if it was clearly erroneous. See United States v. Campbell, 935 F.2d 39, 46 (4th Cir. 1991). In the present case, we find that the record supports the district court's conclusion that Smith was a manager in the conspiracy. Smith's co-conspirators testified that he was the primary dealer in his area. Smith received his drugs from a major supplier in Washington, D.C., and he controlled the local distribution network for the conspiracy. Smith set the local price for crack, and some of the dealers he sold to further distributed the drugs to even lower-level dealers.

A district court's evidentiary decisions are reviewed for abuse of discretion, and we find no such abuse here. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). Smith alleges that the district court erroneously admitted testimony and exhibits concerning lavish expenditures made by his supplier. We disagree. The supplier testified that he invested in an Internet website and purchased expensive jewelry, clothing, and an automobile with proceeds from his drug activities. While Smith was only one of the supplier's customers, this

3

testimony supported the Government's evidence concerning the amount of drugs involved in Smith's conspiracy.*

We find meritless Smith's assertion that the district court erred by failing to grant him a downward departure based on his belief that his criminal history score significantly overrepresented the likelihood that he would commit crimes in the future. Since the district court recognized its authority to depart on this basis, its refusal to do so is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

Finally, we review the district court's conduct of voir dire for abuse of discretion and find none. See United States v. Griley, 814 F.2d 967, 974 (4th Cir. 1987). During voir dire, the court asked the jurors whether any of them had been a witness in a criminal trial. One juror responded that he had been a defense witness in a state drug case. The juror also told the court that he did not trust informants because the one in the state case lied. When defense counsel asked the juror whether he could be fair and impartial in this case, the juror responded that he did not know and would have to hear the evidence first. Over defense objection, the court struck the juror for cause.

On appeal, Smith alleges that the district court should have conducted a more thorough examination of the juror and elicited an affirmative response concerning his ability to serve in an impartial manner. We need not address this issue because Smith has failed to show, or even assert, that he suffered any prejudice from the striking of this particular juror. See Griley, 814 F.2d at 974 ("The burden is on [Smith] to show that the trial court's conduct of voir dire prejudiced him and led to an unfair trial.").

We therefore affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*We reject Smith's contention that the evidence violated Fed. R. Evid. 404(b). The spending of large amounts of money on lavish things is hardly a "bad act" or "wrong." Moreover, Smith was not doing the spending.

4